UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH NEWBY, et al.,<br><br>Petitioners,<br><br>v.<br><br>TREYLED LIFE SETTLEMENTS LLC,<br><br>Respondent. | Case No. 1:24-cv-00886-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 29, 32, 33) |

On July 31, 2024, Petitioners Kenneth Newby, Steven Campos, Jeannine Campos-Grech, and Joseph Campos filed a petition to vacate a July 31, 2024 arbitration award entered in Houston, Texas in favor of Respondent Treyled Life Settlements LLC. (Doc. 1.) On August 16, 2024, Respondent filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), or in the alternative, to transfer venue under 28 U.S.C. § 1404(a). (Doc. 9.) On November 4, 2024, the magistrate judge issued Findings and Recommendations recommending that Respondent's motion to dismiss be denied and its request to transfer venue to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a) be granted. (Doc. 29.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 21 days. (*Id.* at 38.) Following a stipulated ten-day extension of time, Petitioners filed objections to the transfer of venue recommendation. (Doc. 32.)

Respondent filed a response to Petitioners' objections. (Doc. 33.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The Court is not convinced by Petitioner's objections.

First, the magistrate judge applied an appropriate standard under the circumstances by concluding Petitioners' choice of forum was "entitled to only minimal deference under the circumstances of this case" where Petitioners, though located in Fresno County, have litigated this matter in Texas for nearly two years and are "being fully indemnified and represented by Coventry, an entity of unspecified domicile." (Doc. 29 at 28.) The Court acknowledges that there are "a bewildering variety of verbal formulations to describe the weight to be accorded the plaintiff's initial choice of forum," the prevailing thought is that a formulation of the standard advocated by Petitioners that requires the balance of convenience to tip "strongly" in favor of the moving party, is likely "overstated." 15 Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Juris. § 3848 (4th ed.) (Standard in Considering Transfer—Plaintiff's Privilege of Choosing Forum). However, even if the general standard requires that convenience tip "strongly" in favor of the party moving for transfer, the initial choice of forum is given "diminished weight" when there are "only limited material connections between the events underlying [the] action" and the initial forum. *A.F.P. v. United States*, No. 1:21-CV-00780-DAD-EPG, 2022 WL 2704570, at *5 (E.D. Cal. July 12, 2022). As the Findings and Recommendations repeatedly indicate, though the contacts with this forum are jurisdictionally sufficient, they are "minimal." (*See* Doc. 29 at 36.) The magistrate judge therefore applied the correct standard here.

The remaining objections are also not compelling. Petitioner objects that the magistrate judge "wrongly considered the convenience of counsel" in evaluating the cost of litigation factor. (Doc. 32 at 9.) They cite cases that concern the "convenience of the parties" factor, not the "costs of litigation factor." (See *id*. at 10.) The Court is not aware of any reason why travel expenses incurred by counsel cannot be considered as part of the relative costs of litigating in each forum. *See e.g., Flint v. UGS Corp*., No. C07-04640 MJJ, 2007 WL 4365481, at *4 (N.D. Cal. Dec. 12,

2007) (despite argument based on Fifth Circuit authority that the court "should not consider convenience to counsel in deciding whether the case should be transferred," finding "the location of Plaintiff's counsel relevant in its inquiry to the extent that counsel's location affects the relative costs of litigating in each District"). Though Petitioner is correct that the evidentiary showing regarding costs is not robust (*see* Doc. 32 at 11–1), the record does exist in the form of a declaration from Treyled's Managing Partner who states that litigating outside of Texas would be a burden. (*See* Doc. 9-1, ¶ 7.) The magistrate judge gave that record appropriate weight by concluding the factor weighed only "slightly" in favor of transfer.

Finally, the Court is not persuaded by Petitioners' attempts to distinguish the cases cited by the magistrate judge regarding the local interest and judicial efficiency factors. The primary case dissected (*see* Doc. 32 at 13–14) by Petitioners, *Meza v. Procter & Gamble Co.*, No. EDCV 23-91 JGB (SHKx), 2023 WL 3267861, at *6–*8 (C.D. Cal. Apr. 27, 2023), was cited by the magistrate judge only for a general principle of law. Its holding is not binding, and the magistrate judge did not treat it so. Importantly, Petitioners do not directly address the key reasoning offered by the Findings and Recommendations: that "Petitioners request for vacatur of a Texas arbitration award pursuant to violation of Texas law and Texas public policy," along with the "unique procedural posture of this case" favor transfer to the Southern District of Texas. (Doc. 29 at 35.) Petitioners attempts to undermine this finding by pointing out that the magistrate judge expended judicial resources in this District recommending denial of the Rule 12(b)(2) and (b)(3) motion to dismiss before turning to the motion to transfer venue. (Doc. 32 at 14–15.) But this misses the big picture. The Findings and Recommendations also noted that the issue of personal jurisdiction would no longer be relevant in Texas. Accordingly, the Court's adoption of the magistrate judge's reasoning as to the motion to transfer will render the motion to dismiss moot.

Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 29) filed December 20, 2024, are **ADOPTED AS MODIFIED**.

2. Respondent's motion to dismiss the petition to vacate the arbitration award pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) is **DENIED AS MOOT**.

3. Respondent's motion to transfer venue is **GRANTED**.

4. This matter is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Houston Division.

5. The Clerk of Court is directed to close this matter.

IT IS SO ORDERED.

Dated:   **February 21, 2025**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE