United States District Court
Southern District of Texas
**ENTERED**
April 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH NEWBY AS TRUSTEE OF THE ANTONIO AND JULIET GRACE CAMPOS 2021 INSURANCE TRUST, ET AL., *Petitioners/Cross-Respondents*, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-0866 |
| TREYLED LIFE SETTLEMENTS, LLC, *Respondent/Cross-Petitioner*. | § § § | |

**MEMORANDUM AND RECOMMENDATION**

The Court affirmed an arbitration award in favor of Respondent on January 15, 2026. [1]  ECF 81 (adopting ECF 77).  Now before the Court are Respondent Treyled's Motion for Award of Attorney's Fees and Petitioners' Response.  ECF 83; ECF 84.  Having considered the parties' submissions and the law, the Court RECOMMENDS that Treyled's Motion be GRANTED.

## I.      Legal Standards

Federal Rule 54(d)(2) permits a prevailing party to file a motion for attorney's fees no later than 14 days after the entry of judgment.  The Motion must "(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 53.

(iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *Id.*

A party that successfully defends a court challenge to an arbitration award may be awarded attorneys' fees. *Delek Ref., Ltd. v. Loc. 202, United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFLCIO*, 891 F.3d 566, 573 (5th Cir. 2018) (citing *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tex. Steel Co.*, 639 F.2d 279, 284 (5th Cir. 1981)); *see also Metro. Sec. Servs. Inc v. Pro. Ass'n of Ct. Sec. Officers*, No. 4:22-CV-02186, 2023 WL 6445792, at *5 (S.D. Tex. Sept. 29, 2023) (holding that district courts may award attorney's fees after confirming arbitration award). The Fifth Circuit has held that attorney fees should be awarded to a party who successfully defends a challenge to an arbitration award if the challenge is "without justification." *Metro Sec. Servs.*, 2023 WL 6445792, at *5 (quoting *Delek Refining*, 639 F.2d at 573). "Justification" refers to the type of challenge made to the arbitration award. *Id.* Fees will not be awarded to the defending party if the challenge was to the *jurisdiction or authority of the arbitrator* because such a challenge is always justified. But, if the challenge was to the *merits of the arbitrator's decision,* even if the challenge was not frivolous, fees may be awarded to the party who defended the challenge. *Id.* (citations omitted). To avoid paying fee awards, the losing party at arbitration often

"attempt[s] to transform [a merits] claim into an excess-of-powers claim." *Delek Refining*, 639 F.2d at 574 (quoting *Hous. Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg.*, 765 F.3d 396, 412 (5th Cir. 2014)).

If the district court decides to award fees, the court determines the amount of the award by the lodestar method. *Loeb-Defever v. Mako, L.L.C.*, No. 24-20410, 2026 WL 483894, at *11-12 (5th Cir. Feb. 20, 2026) (remanding attorney's fees judgment in copyright case for recalculation using lodestar method). The lodestar method requires "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). There is a "strong presumption" that the lodestar amount is reasonable. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). However, a court may adjust the lodestar based on the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *Loeb-Defever*, 2026 WL 483894, at *11. The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

*Id*. n. 9.

## II.    Analysis

Treyled seeks $444,390.29 in attorney's fees for successfully defending the challenge to the arbitration award, plus $80,000 in conditional appellate fees.  The Trust[3] argues that Treyled is not entitled to any fees because its challenge went the authority of the arbitrator rather than the merits of his decision.   Alternatively, the Trust argues that the most Treyled is entitled to as reasonable and necessary fees is $231,920.33, plus $70,400.00 in appellate fees.

### A.    Treyled is entitled to an award of attorney's fees.

Just as it did in its Motion for Vacatur (ECF 61-1), the Trust argues that it challenged the Arbitrator's authority under Section 10(a) of the FAA, not the merits of his decision. The Trust contends:  (1) the Arbitrator did not address its affirmative defenses and thus did not issue an award on issue issues before him; (2) the Arbitrator's Award violates public policy because it violates the collateral source rule; (3) the Arbitrator's Award betrayed the "essence" of the contract; and (4) the Arbitrator exceeded his authority by allowing Treyled to earn a commission for unlicensed life settlement brokering.  ECF 84 at 7-9.  In confirming the Arbitration

---

[3] Petitioners, Kenneth Newby, Steven Campos, Jeanne Campos-Grech, and Joseph Campos, as Trustees of the Antonio and Juliet Grace Campos 2012 Insurance Trust, are referred to collectively as the Trust.

Award, the Court rejected the Trust's arguments, concluding that the Trust did not meet its burden under § 10(a) because it proved only that "it vehemently disagrees with the Arbitrator's conclusions and rejection of its affirmative defenses." ECF 77 at 7. The Court also rejected the Trust's argument that the Arbitrator's decision violated the essence of the contract, implicitly holding that the Trust's argument went to the correctness of the Arbitrator's decision. *Id*. at 7-8. Further, the Court held that the Fifth Circuit does not recognize a public policy defense to the confirmation of an arbitration award under § 10. *Id.* at 9.

Under the Fifth Circuit's decision in *Delek Refining*, whether Treyled is entitled to attorney's fees depends on the type of challenge the Trust lodged against the arbitration award, not whether the challenge was ultimately successful. 639 F.2d at 573-74. The reasoning in the Memorandum and Recommendation for confirmation of the Award, which was adopted in full by the District Judge, supports the conclusion that the Trust in fact challenged the merits of the Arbitrator's Award, not his authority to issue the Award. *See* ECF 77. The Trust recognizes that a party who argues the arbitrator "ignored the contract's plain language" can be required to pay the defending party attorney fees, but it offers no persuasive distinction for why its argument here that the Arbitrator ignored the essence of the contract does not entitle Treyled to an award of fees. ECF 84 at 6-7. Much like the types of cases referenced in *Delek Refining,* the Trust is attempting to transform its merits

challenge into a challenge that the Arbitrator exceeded his powers. The Court concludes that the Trust's challenge is "without justification" because it goes to the "intrinsic merits' of the dispute rather than the arbitrator's authority. Thus, the challenge to the intrinsic merits of the arbitral award justifies an award of fees to Treyled, even if the challenge to the merits was not frivolous. *Delek Refining*, 639 F.2d at 573.

**B.     Treyled's fee request should be reduced.**

Treyled has submitted evidence in support of its fee application in the form of an Affidavit of Counsel and redacted invoices. ECF 83-2; ECF 83-3. The Trust argues that Treyled's lodestar fee request of $444,390.29 is not reasonable and must be reduced by:

> (1) the fees Treyled claims in connection with *Treyled's* prosecution of its *unsuccessful* Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Improper Venue; (2) unreasonable fees that Treyled claimed in connection with staffing menial tasks with inappropriately expensive lawyers; (3) fees supported by redacted billing entries that render it impossible to gauge the reasonableness of the litigation activity reflected therein; and (4) a flat 22% discount on the fees Treyled claims after applying the foregoing reductions, which is equal to the smallest service period discount that GDC itself actually applied to Treyled's invoices.

ECF 84 at 10. The Court agrees that some reduction of the requested fee is appropriate, but not in the amounts contended by the Trust.

First, the Court rejects the Trust's argument that fees for Treyled's motions to dismiss for lack of personal jurisdiction and improper venue are not reasonable or

6

necessary because the motions were denied.  The motions were not frivolous and the motion to transfer venue was granted.   The Court also rejects the Trust's argument that the invoices are too heavily redacted to allow for reasonable analysis.  This case does not require the segregation of fees.  The invoices are sufficiently detailed for the Trust to pose its objection that Treyled unreasonably used expensive lawyers for menial tasks.  Indeed, the Court finds this objection well-founded and will reduce the award by the amount recommended by the Trust for this category of fees, $15,894.50.

In addition, the Court agrees with the Trust that the billing rates should be discounted.  Treyled seeks fees based on attorney hourly rates of $945-$2,245 per hour and paralegal hourly rates of $495 to $785 per hour, rates which include multiple fee increases during the course of litigation.  ECF 83-2.  This was not a complicated case involving novel issues or a highly specialized area of law.  The Trust suggests a 22% discount across the board based on the fact that in several service periods, counsel for Treyled agreed to discount their rates by 30-61%.  *Id.* Twenty-two percent is the lowest discount given during any period.  *Id.*   While a party is not limited to recovery of negotiated discount rates, it is support for the argument that the full "rack" rate differs from the customary rates charged by lawyers.  The Trust applied the 22% discount to the amount of fees left in each service period after applying its other deductions.  ECF 84 at 17.  Using the Trust's

methodology and applying the 22% discount across the board to the remaining fee amount after the *Court's* recommended deductions results in a reduction of $127,268.97.

Finally, the Trust points out that Treyled's request for $80,000 in appellate fees appears arbitrary.  It is not supported by the Affidavit of Treyled's counsel or any other evidence. Applying the same 22% discount applied to other fees, Treyled contends that the appellate fees should be capped at $70, 400.  The Court agrees appellate fees in the amount of $70, 400 is reasonable.

### C.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Treyled's Motion for Award of Attorney's Fees be GRANTED IN PART.  The Court RECOMMENDS that the Final Judgment entered in this case incorporate an award of $298,226.82 in attorney's fees, and $70,400.00 in conditional fees in the event of an unsuccessful appeal by the Trust.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 07, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge